UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| NATHANIEL MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 1:07-CV-302 TS |
| v. | ) | |
| | ) | |
| TERESA SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Nathaniel Miller, a *pro se* prisoner, filed a complaint [Pro Se Complaint, DE 1] alleging that Fort Wayne police officer, Teresa Smith, "submitted a recklessly false and perjurous [sic] affidavit for probable cause." According to Miller, the officer also included information from an alleged illegal search[1] in the affidavit.

**A. Standard of Review**

Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

---

[1] Miller also filed a complaint naming Officer Smith as a defendant in *Miller v Martin*, 1:07-cv-163 (N.D. Ind., filed July 10, 2007) where he claims three Fort Wayne police officers, including Officer Smith, unlawfully searched a private residence in which he had an expectation of privacy.

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. —, —, 127 S. Ct. 1955 (2007).

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (parallel citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp.*, 127 S. Ct. at 1964–65 (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Nevertheless,

> A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson*, 127 S. Ct. at 2200 (quotation marks and citations omitted). However, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp.*, 127 S.Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted)).

**B. Analysis**

The Plaintiff contends that Officer Smith's April 4, 2007, affidavit of probable cause claims that a confidential informant identified him from a photograph array on March 29, 2007. The Plaintiff maintains that this is a false statement because the picture used to identify him was taken at the Allen County Jail on April 3, 2007. He further asserts that the officer's representation that he was served with a search warrant at 2716 Kingsland Court on April 3 is false because he was at the Allen County Jail on that date.[2] His assertions amount to a claim that Officer Smith violated his Fourth Amendment right to be arrested only upon probable cause by causing a warrant for his arrest to be issued on the basis of false information.

"When an individual is deprived of his liberty pursuant to a warrant that does not conform to the requirements of the fourth amendment, he is deprived of liberty without due process of law." *Olson v. Tyler*, 771 F.2d 277, 282 (7th Cir. 1985). In seeking a warrant for Miller's arrest, Officer Smith violated his rights only if a reasonably well-trained officer in the same position should have known the information she provided to support issuance of a warrant would not have established probable cause, so that she should not have applied for the warrant in

---

[2]The Court notes that in *Miller v. Martin*, 1:07-cv-163 (N.D. Ind., filed July 10, 2007), the Plaintiff claims that officers violated his Fourth Amendment rights when they conducted an illegal search of the Kingsland Court address on April 3, 2007.

the first place. *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742 (7th Cir. 2003). To obtain relief Miller must establish Officer Smith made false statements in the supporting affidavit, either intentionally or with a reckless disregard for the truth. He must then show those false statements were necessary to show probable cause for his arrest existed. If probable cause to arrest him existed without consideration of the false information, he cannot prevail. A showing that the officer either doubted the truth of the statements, had obvious reasons to doubt the information's accuracy, or did not disclose facts she knew would negate probable cause, would demonstrate a reckless disregard for the truth. *Beauchamp*, 320 F.3d at 742–43 (citing *Franks v Delaware*, 438 U.S. 154,155–56 (1978)).

The Plaintiff does not provide a copy of the arrest warrant or the supporting affidavit. Nor does he identify the offense for which he was arrested. *See Pourghoraishi v. Flying J, Inc*., 449 F.3d 751, 761 (7th Cir. 2006) (recognizing the Court should look to the applicable state law for the crime that was allegedly committed in determining whether probable cause existed). Nevertheless, giving him the benefit of the inferences to which he is entitled at the pleading stage, the Plaintiff states a claim that Officer Smith violated his Fourth Amendment rights by causing a warrant to be issued for his arrest knowing that her supporting affidavit contained false information without which probable cause could not be established.

Therefore, the Court:

(1) **GRANTS** Nathaniel Miller leave to proceed against Teresa Smith in her individual capacity for monetary damages on his Fourth Amendment claim that she caused a warrant to be issued for his arrest knowing that her affidavit included false information to establish probable cause;

(2) **DISMISSES** all other claims;

(3) **DIRECTS** the Clerk of the Court to transmit the summons and USM-285 for Teresa Smith to the United States Marshals Service along with a copy of this order and a copy the complaint;

(4) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Teresa Smith; and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Teresa Smith respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 4, 2008.

                            s/ Theresa L. Springmann
                            THERESA L. SPRINGMANN
                            UNITED STATES DISTRICT COURT
                            FORT WAYNE DIVISION